**CITY OF NEW YORK SUPPORT COLLECTION UNIT, Department of Child Support Services SFDA–FSB, Creditors–Appellees.**

No. 05–4973–bk.

United States Court of Appeals,
Second Circuit.

Feb. 15, 2006.

Juan Carlos Ocasio, pro se, New York, NY, (on submission) for Appellant.

Beryl M. Crumpton, (Warren H. Colodner, on the brief), Kirkpatrick & Lockhart Nicholson Graham, New York, NY, (on submission) for Appellee, of counsel.

PRESENT: Hon. DENNIS JACOBS, Hon. RICHARD C. WESLEY, and Hon. JOHN R. GIBSON,* Circuit Judges.

### SUMMARY ORDER

Juan Carlos Ocasio appeals the final order issued by the United States District Court for the Southern District of New York (Daniels, *J.*), affirming the dismissal

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting

of a complaint filed in an adversary proceeding commenced by Ocasio in his Chapter 13 bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York (Blackshear, *J.*). We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

We **AFFIRM** the district court decision substantially for the reasons given therein. *See Ocasio v. City of N.Y. Support Collection Unit (In re Ocasio),* No. 04–cv–9586, 2005 WL 1529696, 2005 U.S. Dist. LEXIS 12839 (S.D.N.Y.2005). The Appellant is to bear costs.

**Zejnebe KURTISHI, Mushteba Kurtishi, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Alberto R. Gonzales,[1] United States Attorney General, Respondents.**

No. 04–4407–AG(L).

United States Court of Appeals,
Second Circuit.

Feb. 15, 2006.

by designation.

Alexander G. Rojas, Barst & Mukamal, LLP, New York, New York, for Petitioner.

Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, Joan D. Humes, Assistant United States Attorney, Minneapolis, Minnesota, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. JOSÉ A. CABRANES, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Mushteba and Zejnebe Kurtishi petition, through counsel, for review of the BIA's denial of their motion to reopen their exclusion and deportation proceedings. We presume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam).

Petitioners are normally limited to filing one motion to reopen before the BIA. 8 C.F.R. § 1003.2(c)(2) (2004). Petitioners are exempt from this numerical limitation, however, to apply or reapply for asylum or withholding of deportation based on changed circumstances in the country of origin, if such evidence is material and was not available and could not have been discovered at the previous hearing. 8 C.F.R. § 1003.2(c)(3)(ii). The only information

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

presented by the Kurtishis which was previously unavailable or undiscoverable at the time of their previous motion to reopen was the Department of State 2002 Country Report on Human Rights Practices in Macedonia (published on March 31, 2003).

The BIA rationally concluded that the Kurtishis' new evidence did not demonstrate that conditions have changed for the worse in Macedonia such that the Kurtishis now have new or stronger grounds than they did during earlier proceedings on which to allege a well-founded fear of future persecution. The country report in fact points to improvement in conditions for Albanians in Macedonia. Because the evidence was not material to their asylum claim, it did not exempt them from the one-motion limit. Therefore, the BIA did not abuse its discretion in denying the Kurtishis' motion. *See Kaur*, 413 F.3d at 233–34.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).